DECISION AND JOURNAL ENTRY
Defendant James Dove, Jr. appeals from a judgment of the Oberlin Municipal Court which found him guilty of failing to stop at a red light. This Court affirms.
 I.
On February 20, 1999 at approximately 8:26 p.m., State Trooper Fontanez was driving northbound on State Route 58. As he approached the intersection of State Route 511, Trooper Fontanez observed Defendant's blue pickup truck drive through the red light and proceed eastbound on State Route 511. Trooper Fontanez activated his overhead lights to initiate a traffic stop of Defendant's vehicle. Defendant received a citation for failing to stop at a red light, a violation of R.C. 4511.12. At his arraignment, Defendant entered a plea of not guilty and his case was set for trial. On October 4, 1999, the trial court found Defendant guilty of failing to stop at a red light. Defendant has timely appealed, asserting one assignment of error.
 II. The judgment of the trial court finding [Defendant] guilty of violating R.C. 4511.12 was against the manifest weight of the evidence and was otherwise erroneous when the undisputed evidence showed the traffic signal in question was not functioning properly or consistent with the Uniform Manual of Traffic Control Devices.
In his sole assignment of error, Defendant has argued that his conviction was against the manifest weight of the evidence because the traffic light was not functioning in accordance with the law. Specifically, Defendant has asserted that the timing of the traffic light did not comply with the Uniform Manual of Traffic Control Devices. This Court disagrees.
R.C. 4511.12 provides that
 No pedestrian, driver of a vehicle, or operator of a streetcar or trackless trolley shall disobey the instructions of any traffic control device placed in accordance with this chapter, unless at the time otherwise directed by a police officer.
 No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section of this chapter does not state that signs are required, that section shall be effective even though no signs are erected or in place.
This Court notes that Defendant did not dispute the fact that he disregarded the red light and ran through it. As such, Defendant has violated the first paragraph of R.C. 4511.12. This Court need not address the visibility of the traffic light because there was no testimony concerning whether the light was in an improper position. Defendant's sole argument is that he would not have run the red light if it had been working properly, pursuant to the Uniform Manual of Traffic Control Devices. His argument is misguided.
This Court holds that the Uniform Manual of Traffic Control Devises is not mandatory. See City of Shaker Heights v. Willacy
(Feb. 21, 1985), Cuyahoga App. No. 48702, unreported, 1985 Ohio App. LEXIS 5889 at *6-7. "The fact that a light may not conform with a state standard does not allow the driver to disregard the light. The nonconformity of the light must be related to the driver's failure to observe the light." Id., citing City ofMansfield v. Carman (1953), 159 Ohio St. 558.
Furthermore, the Ohio Supreme Court has held that:
 It would be an anomalous situation if one approaching a traffic signal could say, "that signal is not erected strictly in conformity with the requirements of the statute and the traffic ordinance and, therefore, I can disregard it." If the defendant in this case could run through the red light in this instance with impunity, traffic lights all over the state of Ohio would become practically meaningless and traffic hazards would be tremendously increased.
 Carman, 159 Ohio St. at 562. If this Court follows Defendant's argument, "traffic lights would invite, rather than avert accidents." Id. As such, Defendant's assignment of error is not well taken.
 III.
Defendant's sole assignment of error is overruled. The judgment of Oberlin Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
FOR THE COURT, BAIRD, J., CARR, J., CONCURS.